IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY C. LENHART, | ) | |
| | ) | Civil Action No. 11 - 312 |
| Plaintiff, | ) | |
| | ) | District Judge Joy Flowers Conti |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| THE COMMONWEALTH OF PA, et al | ) | |
| | ) | ECF Nos. 31, 33, 39 |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

I. **RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by Defendant the Commonwealth of Pennsylvania (ECF No. 31) be granted and that Plaintiff's claims against it be dismissed with prejudice. It is further recommended that the Motion to Dismiss filed by Defendants John Walton and the Westmoreland County Clerk of Court (ECF No. 39) be granted and that Plaintiff's claims be dismissed with prejudice as to the Westmoreland County Clerk of Court in its individual capacity. Plaintiff's claims against John Walton in his individual capacity and both Defendants in their official capacity should be dismissed without prejudice as to Plaintiff's filing of an amended complaint to correct the deficiencies identified herein. It is further recommended that the Motion to Dismiss filed by Defendant NaphCare, Inc. (ECF No. 33) be granted and that Plaintiff's claims be dismissed without prejudice as to Plaintiff's filing of an amended complaint. Finally, it is recommended

1

that should Plaintiff fail to file an amended complaint within the time specified in the Conclusion of this Report, an order be entered dismissing Plaintiff's Complaint with prejudice.

**II.    REPORT**

On March 11, 2011, Plaintiff, Timothy C. Lenhart, commenced this action under 42 U.S.C. § 1983 (ECF No. 3) alleging violations of his constitutional rights stemming from his incarceration in the Westmoreland County Prison while a pre-trial detainee. Plaintiff named as Defendants: the Commonwealth of Pennsylvania; John Walton, warden of Westmoreland County Prison; the Westmoreland County Clerk of Court; and Naphcare, Inc., the health care provider for Westmoreland County Prison.

Defendants have each filed motions to dismiss Plaintiff's Complaint (ECF Nos. 31, 33, 39) as well as briefs in support of the motions (ECF Nos. 32, 34, 40). Plaintiff has filed oppositions in response to Defendants' motions (ECF Nos. 37, 42, 49).

**A.  Standard of Review**

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set

forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. Id. (citations omitted). Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gills, 372 F.3d 218, 223 (3d Cir. 2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at

688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

### B. Plaintiff's Allegations

Plaintiff asserts a litany of claims for relief in his Complaint. The majority of Plaintiff's claims stem from his incarceration while a pre-trial detainee at the Westmoreland County Prison. Specifically, Plaintiff claims: (1) Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment because he was not seen by a Doctor after he contracted a staph infection; (2) Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment because they stopped providing him with his medication for acne rosacea and told him that it was his responsibility to have his family or friends supply it to him; (3) Defendants violated his First Amendment right to freedom of religion by ignoring his requests to see a Catholic priest; (4) Defendants acted with deliberate indifference with regard to his health because he was not exposed to sunlight for an extended period of time; and (5) Defendants violated his right to due process because he was not provided with a hearing on whether the jail could take funds out of his inmate account for room and board. (ECF No. 3 at 6-9.) Additionally, Plaintiff asserts that (6) his civil rights were violated in connection with arrest and criminal charges against him of which he claims he is innocent, and (7) his right to counsel was violated when he was "badgered" by a jail house informant for approximately six months. (ECF No. 3 at 6-9.)

### C. Defendants' Motions to Dismiss

1. <u>Defendant The Commonwealth of Pennsylvania</u>

Defendant the Commonwealth of Pennsylvania moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 32.) A motion to dismiss pursuant to Rule 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 191 n.4 (3d Cir. 2011) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). In considering a Rule 12(b)(1) motion, "the district court may not presume the truthfulness of plaintiff's allegations, but rather must 'evaluat[e] for itself the merits of [the] jurisdictional claims.'" Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

Defendant the Commonwealth of Pennsylvania asserts that it is entitled to Eleventh Amendment Immunity. The Supreme Court has made clear "that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000). Notwithstanding, the immunity provided in the Eleventh Amendment is not absolute. A state may expressly waive its grant of sovereign immunity by state statute or constitutional provision. In addition, Congress can abrogate the States' Eleventh Amendment immunity through a statute enacted under constitutional authority granting Congress the power to regulate the activities of the states. *See*, *e.g.*, Pennsylvania v. Union Gas Co., 491 U.S. 1, 15 (1989) (Commerce Clause, which allows Congress to restrict interstate trade activity); Atascadero State Hospital v. Scanlon, 473 U.S. 234, 246 (1985) (section five of the Fourteenth Amendment, which allows Congress to enforce the provisions of the Fourteenth Amendment). However, Congress must express its intention to abrogate the Eleventh Amendment in

unmistakable language in the statute itself. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 55 (1996); Atascadero, 473 U.S. at 246.

The Commonwealth of Pennsylvania has not waived its grant of sovereign immunity under the Eleventh Amendment. In fact, the Commonwealth specifically has reserved its immunity against federal suits in 42 Pa. Cons. Stat. § 8521(b), which provides that "[n]othing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." None of the exceptions to sovereign immunity contained in 42 Pa. Const. Stat. § 8522 are applicable to Plaintiff's allegations. Moreover, the federal courts repeatedly have held that Congress did not abrogate the States' Eleventh Amendment immunity when it enacted the Civil Rights Act, 42 U.S.C. § 1983. *See*, *e.g.*, Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."); Quern v. Jordan, 440 U.S. 332, 341 (1979); Boykin v. Bloomsburg Univ. of Pa., 893 F. Supp. 378 (M.D. Pa. 1995) (holding that States' immunity has not been abrogated for actions brought under §§ 1981, 1983, 1985, and 1986), *aff'd*, 91 F.3d 122 (3d Cir. 1996). Consequently, Plaintiff's Complaint must be dismissed with prejudice against Defendant the Commonwealth of Pennsylvania.

2. <u>Defendants NaphCare, Inc., John Walton, and Westmoreland County Clerk of Court</u>

Defendants NaphCare, Inc., John Walton, and Westmoreland County Clerk of Court move to dismiss Plaintiff's Complaint on the basis that Plaintiff failed to exhaust his available administrative remedies pursuant to 42 U.S.C. § 1997e(a), or in the alternative, on the basis that Plaintiff fails to state a claim upon which relief may be granted. (ECF Nos. 34, 39.)

a. The Mandatory Exhaustion Requirement

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in a jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (1996); *see also* McCarthy v. Madigan, 503 U.S. 140, 144 (1992) ("[w]here Congress specifically mandates, exhaustion is required"). Exhaustion is required under this provision regardless of the type of relief sought and the type of relief available through administrative procedures. *See* Booth v. Churner, 532 U.S. 731, 741 (2001). In addition, the exhaustion requirement applies to all claims relating to prison life which do not implicate the duration of the prisoner's sentence. *See* Porter v. Nussle, 534 U.S. 516, 532 (2002).

While administrative exhaustion is a mandatory prerequisite to the filing of a section 1983 action by a prisoner, "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specifically plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). As such, an inmate's failure to exhaust under the PLRA is an affirmative defense that must be pled and proven by defendant. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). A prisoner does not have to allege in his complaint that he has exhausted administrative remedies. Id. When raised as an affirmative defense, however, exhaustion of all administrative remedies is mandatory. Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004).

In response to Defendants' contention that he failed to exhaust, Plaintiff asserts that administrative remedies were unavailable to him. (ECF No. 42 at 1.) Specifically, Plaintiff asserts that the jail did not outline the administrative grievance procedure, failed to provide him

7

with a jail handbook that outlined the administrative grievance process, and failed to provide him with grievance forms. (ECF No. 42 at 1-2.) Plaintiff also states that filing a grievance form would have been futile. (ECF No. 42 at 2.)

Although the Third Circuit has specifically rejected the notion that there is ever a futility exception to section 1997e(a)'s mandatory exhaustion requirement, Booth, 206 F.3d at 300; Nyhuis v. Reno, 204 F.3d 65, 66 (3d Cir. 2000), it has held that a "prisoner need only exhaust such administrative remedies 'as are available.'" Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000). The Third Circuit has repeatedly noted that administrative remedies are not readily available where prison officials mislead or otherwise preclude an inmate from exhausting prison grievances. In such cases, the exhaustion requirement is excused. *See*, *e.g.*, Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (holding that district court incorrectly dismissed claim because it did not consider prisoner's allegations that he had been denied grievance forms by prison officials); Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002) (finding that prisoner's claim that he was misled by prison officials precluded dismissal based on exhaustion requirement); Camp, 219 F.3d at 281 (noting that prisoner who was misled by prison officials regarding grievance procedure faced a Catch-22 situation which could preclude finding of non-exhaustion); *see also* Oliver v. Moore, 2005 U.S. App. LEXIS 17857, at *11-12 (3d Cir. Aug. 18, 2005) (holding that administrative remedy may be deemed unavailable where prison officials prevented pursuit of prison grievance process but exhaustion is not excused where no evidence of such interference is found).

Construing all allegations in favor of Plaintiff as this Court is required to do at this stage of the proceedings, the Court cannot conclude that Defendants' Motions to Dismiss should be granted on the basis of their assertion that Plaintiff failed to exhaust his administrative remedies.

This question may not be resolved as a matter of law by this Court without further discovery. Plaintiff's claim that his administrative remedies were unavailable to him is a factual question that is disputed. While Plaintiff's allegations may ultimately not prevail, his allegations put into question the availability of the remedy. However, the exhaustion defense may be revisited upon a more fully developed record at a later point in time.

b. Liability under 42 U.S.C. § 1983

Plaintiff's Complaint seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

1. Defendants John Walton and Westmoreland County Clerk of Court in their Individual Capacities

To establish personal liability against a defendant in a section 1983 action, that defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior. Rizzo v. Goode, 423 U.S. 362 (1976). Accordingly, individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. Rode, 845 F.2d at 1207. *See also*, Keenan v.

Philadelphia, 983 F.2d 459, 466 (3d Cir. 1992); Andrew v. Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990).

Moreover, a supervising public official has no affirmative constitutional duty to supervise and discipline so as to prevent violations of constitutional rights by his or her subordinates. Notwithstanding, when a supervising official knowingly permits a continuing custom or policy that results in harm to the plaintiff, 1983 liability may attach. Colburn v. Upper Darby Township, 838 F.2d 663, 673 (3d Cir. 1988). However, at a minimum such liability may be imposed "only where there are both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate." Id. (quoting Chinchello, 805 F.2d at 133).; *see also* Bonenberger v. Plymouth Township, 132 F.3d 20, 25 (3d Cir. 1997).

In the instant case, it is unclear to what extent Plaintiff seeks to hold Defendant John Walton liable. The Court of Appeals for the Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (internal citations omitted). Here, Plaintiff's Complaint fails to include any of those elements and set forth sufficient factual details regarding Defendant John Walton's involvement. In order for liability to attach, Defendant John Walton must have had personal involvement in the acts complained of by Plaintiff. However, none of the general allegations set forth in Plaintiff's Complaint assert any conduct specifically engaged in by Defendant John Walton sufficient to demonstrate personal involvement in the alleged constitutional violations. Plaintiff has not alleged any facts indicating that Defendant John Walton personally directed the actions of which he complains, nor has he alleged that Defendant

had contemporaneous, personal knowledge of the events at issue or knowingly permitted a continuing custom or policy that resulted in Plaintiff's harm. He simply alleges that Defendant John Walton is the "moving force" behind all decisions made at the prison. (ECF No. 49 at 9.) The mere fact that Defendant John Walton is the warden of Westmoreland County Prison is not sufficient to find him liable under section 1983.

Accordingly, any claims against Defendant John Walton will be dismissed without prejudice at this time. However, as noted in section D *infra*, the Court will permit Plaintiff to amend his Complaint to cure the shortcomings of his initial pleading.

Next, the Court notes that the basis of Plaintiff's claims against Defendant Westmoreland County Clerk of Court are entirely unclear as Plaintiff's Complaint is deficient with regard to specific actions allegedly taken by the Clerk that might expose it to liability for violating Plaintiff's civil rights. Nevertheless, to the extent Plaintiff's claims against Defendant stem from Defendant's involvement with Plaintiff's criminal proceedings, Defendant is entitled to quasi-judicial immunity and, as such, Plaintiff's claims against it will be dismissed with prejudice. *See* Marcedes v. Barrett, 453 F.2d 391 (3d Cir. 1971) (holding that quasi-judicial immunity applied to clerk of courts); Davis v. Philadelphia County, 195 F.Supp.2d 686 (E.D. Pa. 2002) (holding that quasi-judicial immunity appeals to court staff, such as clerks of judicial records).

### 2. Defendants John Walton and Westmoreland County Clerk of Court in their Official Capacities

Plaintiff also seeks to assert liability against Defendants John Walton and the Westmoreland County Clerk of Court in their official capacities.

While actions brought against a government official in his or her individual or personal capacity seek to impose liability on the government official for actions taken under color of state

law, official capacity actions represent another way to sue the municipality of which the officer is an agent. *See*, *e.g.*, Gregory v. Chehi, 843 F.2d 111, 120 (3d Cir. 1988) (personal capacity damage suits under section 1983 seek to recover money from a government official, as an individual, for acts performed under color of state law, whereas official capacity suits are duplicative of the claims against the municipality and "generally represent only another way of pleading an action against an entity of which an officer is an agent…"), citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978); Brice v. City of York, 528 F.Supp.2d 504, 516 n.19 (M.D. Pa. 2007) (claims against state officials in their official capacities merge as a matter of law with the municipality that employs them), citing *inter alia*, Kentucky v. Graham, 473 U.S. 159, 165 (1985). As such, Plaintiff's official capacity claims against Defendants John Walton and the Westmoreland County Clerk of Court are the same as claims made against Westmoreland County. See Lambert v. Hartman, 517 F.3d 433, 440 (6th Cir. 2008) (civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

A local government like Westmoreland County may not be sued under section 1983 for an injury solely inflicted by its employees or agents. Monell, 436 U.S. 658, 695 (1978). Instead, a governmental unit may be liable under section 1983 only when its "policy" or "custom," whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, directly inflicted the injury. Id. at 694. Mere identification of a policy or custom is not enough to establish liability, a plaintiff must also show a "direct causal link" between the policy and the constitutional violation. Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 405 (1997) (a plaintiff must show that the municipal action was taken with

the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights).

Because Westmoreland County is the real party defendant in interest, Plaintiff's official capacity claims against Defendants John Walton and the Westmoreland County Clerk of Court will be dismissed without prejudice. As noted in section D *infra*, the Court will grant leave for Plaintiff to file an amended complaint naming Westmoreland County as the proper official capacity defendant.

### 3. Defendant NaphCare, Inc.

Defendant NaphCare, Inc. is the corporate medical provider of Westmoreland County Prison, and as a corporate medical provider, it cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability unless "it knew of and acquiesced in the deprivation of plaintiff's rights." Monell, 436 U.S. 658, 694-95 (1978). To meet this burden with respect to a private corporation, the plaintiff must show that the corporation, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused constitutional harm." Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989); *see also* Natale v. Camden County Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003) (finding that, with respect to a private health care subcontractor for a jail, plaintiff had to provide evidence of a relevant policy or custom that caused plaintiff's injuries because the medical provider could not be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability).

Plaintiff has not alleged that Defendant NaphCare, Inc. had a policy or practice that caused him harm nor has he alleged that Defendant knew of or acquiesced in the utilization of a policy or practice that presented a substantial risk of harm. Accordingly, any claims against

Defendant NaphCare, Inc. will be dismissed at this time without prejudice to Plaintiff's filing of an amended complaint as discussed *infra*.

### D. Leave to Amend the Complaint

"If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008); *see also* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). The district court may dismiss the action if the plaintiff does not file an amended complaint or if the plaintiff files a notice of his or her intent to stand on the complaint as filed. Alston, 363 F.3d at 235.

Accordingly, it is recommended that Plaintiff be granted leave to amend his Complaint if he so chooses. If Plaintiff chooses to file an amended complaint, he should (1) plead sufficient facts to state a claim against Defendant John Walton in his individual capacity; (2) plead sufficient facts to state a Monell claim against Westmoreland County; and (3) plead sufficient facts to state a claim against Defendant NaphCare, Inc. Plaintiff must note that he may not amend his complaint with respect to Defendants the Commonwealth of Pennsylvania and the Westmoreland County Clerk of Court in its individual capacity.

In amending, Plaintiff should state a short and plain statement of each claim showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). His averments should be "simple, concise and direct." Fed. R. Civ. P. 8(d)(1), and he should state the conduct, time, place, and persons responsible for each claim. *See* Evancho, 423 F.3d at 353. His complaint should not leave Defendants "having to guess what of the many things discussed constitute[] [a cause of action]." Binsack v. Lackawanna County Prison, 211 U.S. App. LEXIS 15087, at *5 (3d Cir. July 21, 2011).

## III. **CONCLUSION**

For the reasons set forth above, it is respectfully recommended that the Motion to Dismiss filed by Defendant the Commonwealth of Pennsylvania (ECF No. 31) be granted and that Plaintiff's claims against it be dismissed with prejudice. It is further recommended that the Motion to Dismiss filed by Defendants John Walton and the Westmoreland County Clerk of Court (ECF No. 39) be granted and that Plaintiff's claims be dismissed with prejudice as to the Westmoreland County Clerk of Court in its individual capacity. Plaintiff's claims against John Walton in his individual capacity and both Defendants in their official capacity should be dismissed without prejudice as to Plaintiff's filing of an amended complaint to correct the deficiencies identified in this Report. It is further recommended that the Motion to Dismiss filed by Defendant NaphCare, Inc. (ECF No. 33) be granted and that Plaintiff's claims be dismissed without prejudice as to Plaintiff's filing of an amended complaint.

Because of the time allowed for objections to this Report as set forth below, Plaintiff shall wait to file his amended complaint until the Court so orders him to do so. It is recommended that, should Plaintiff fail to file an amended complaint within the time specified in the forthcoming order, the Court should enter an order dismissing Plaintiff's Complaint with prejudice.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B)&(C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this Report and Recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: January 12, 2012

                                                      Lisa Pupo Lenihan
                                                      Chief United States Magistrate Judge

cc: Timothy C. Lenhart
     1940-10
     3000 S. Grande Blvd.
     Greensburg, PA 15601

     Counsel of record.