IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY C. LENHART, ) | |
| ) | Civil Action No. 11 - 312 |
| Plaintiff, ) | |
| ) | District Judge Joy Flowers Conti |
| v. ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| THE COMMONWEALTH OF PA, *et* ) | ECF Nos. 31, 33, 39, 53 |
| *al*., ) | |
| Defendants. ) | |

## MEMORADUM ORDER

This suit commenced on March 9, 2011, with this Court's receipt of the motion to proceed *in forma pauperis* filed by plaintiff Timothy C. Lenhart ("Plaintiff"). (ECF No. 1.) The motion was granted (ECF No. 2) and Plaintiff's complaint was filed on March 11, 2011 (ECF No. 3). In his complaint, Plaintiff alleges violations of his constitutional rights stemming from his incarceration in the Westmoreland County Prison. He names as defendants the Commonwealth of Pennsylvania; John Walton, Warden of Westmoreland County Prison; the Westmoreland County Clerk of Court; and Naphcare, Inc., the health care provider for Westmoreland County Prison (collectively, "Defendants"). Defendants filed motions to dismiss Plaintiff's complaint (ECF Nos. 31, 33, 39), and Plaintiff filed responses in opposition to Defendants' motions (ECF Nos. 37, 42, 49).

On January 12, 2012, a magistrate judge entered a Report and Recommendation (ECF No. 53) recommending the following: (1) the motion to dismiss filed by Defendant the Commonwealth of Pennsylvania be granted and that Plaintiff's claims against it be dismissed

1

with prejudice; (2) the motion to dismiss filed by Defendants John Walton and the Westmoreland County Clerk of Court be granted and that Plaintiff's claims be dismissed with prejudice as to the Westmoreland County Clerk of Court in its individual capacity and Plaintiff's claims against John Walton in his individual capacity and both those Defendants in their official capacities be dismissed without prejudice to Plaintiff's right to file an amended complaint; and (3) the motion to dismiss filed by Defendant NaphCare, Inc. be granted and that Plaintiff's claims be dismissed without prejudice to Plaintiff's right to file an amended complaint. Plaintiff was served with the Report and Recommendation at his listed address and advised that he had until January 30, 2012, to file written objections. In response, Plaintiff filed a Motion to Appeal the Report and Recommendation (ECF No. 55), which this court denied, interpreting the motion not as an appeal but rather timely filed written objections. For the following reasons, Plaintiff's objections do not undermine the recommendations of the magistrate judge.

Specifically, Plaintiff objects to the magistrate judge's finding that Defendant the Commonwealth of Pennsylvania (the "Commonwealth") is entitled to Eleventh Amendment immunity. He claims that Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.*, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq.*, abrogates Eleventh Amendment immunity and he argues that because he suffers from Reflex Sympathetic Dystrophy ("RSD") and has been denied access to a Catholic priest, the Commonwealth should not be entitled to sovereign immunity.

First, the court notes that Plaintiff did not allege an ADA violation in his complaint or assert any facts in connection with his RSD condition. Instead, Plaintiff alleged Eighth Amendment violations with respect to a staph infection and acne rosacea. Plaintiff also did not allege a claim under RLUIPA, but instead alleged that Defendants violated his First Amendment

2

right to the free exercise of religion by ignoring his requests to see a Catholic priest. Based on the facts set forth in Plaintiff's complaint, the magistrate judge was correct in her finding that the Commonwealth was entitled to sovereign immunity, and therefore, Plaintiff's objections to the report are without merit.

To the extent Plaintiff desires to assert ADA and RLUIPA claims against the Commonwealth when he files his amended complaint, Plaintiff should be aware of several points of law. First, pursuant to Sossamon v. Texas, 131 S. Ct. 1651, 1660, 1663 (2011), States do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA. Thus, Plaintiff cannot state a RLUIPA claim to the extent he seeks money damages against the Commonwealth or any other Defendant in their official capacities because such relief is barred by sovereign immunity. Id. at 1660.

With respect to the ADA, the Supreme Court has held that Title II of the ADA validly abrogates sovereign immunity as to state conduct that actually violates the Constitution, United States v. Georgia, 546 U.S. 151, 159 (2006), but in order to determine whether a plaintiff may sue a State for damages under Title II, courts must "(1) identify which aspects of the State's alleged conduct violated Title II; (2) identify to what extent such conduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, determine whether Congress' purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." Bowers v. NCAA, 475 F.3d 524, 553 (3d Cir. 2007).

Pursuant to this standard, Plaintiff must initially state a valid claim under Title II of the ADA, and to do this he must show that (1) he is a qualified individual (2) with a disability, and (3) he was excluded from participation in or denied the benefits of the services, programs, or

activities of a public entity, or was subjected to discrimination by any such entity, (4) by reason of his disability.  Bowers, 475 F.3d at 553 n.32; *see* Wagner v. Fair Acres Geriatric Center, 49 F.3d 1002, 1009 (3d Cir. 1995).  An inmate-plaintiff fails to state a claim under the ADA where the plaintiff simply alleges that he was denied medical care, or was provided inadequate medical treatment.  *See*, *e.g.*, Iseley v. Beard, 200 F. App'x 137, 142 (3d Cir. 2006); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) ("[P]urely medical decisions . . . do not ordinarily fall within the scope of the ADA or the Rehabilitation Act."); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) (holding that "the [ADA] would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners . . . [t]he ADA does not create a remedy for medical malpractice."); *see* Lesley v. Chie, 250 F.3d 47, 55 (1st Cir. 2001) ("[A] plaintiff's showing of medical unreasonableness must be framed within some larger theory of disability discrimination.").  Next, Plaintiff must make sufficient factual allegations to demonstrate that the alleged misconduct by the State defendant violated his rights under the Fourteenth Amendment.  If Plaintiff fails to make such a showing, the court must decide whether Congress' purported abrogation of the States' immunity is nevertheless valid.

After *de novo* review of the pleadings and documents in this case, together with the Report and Recommendation, and the objections thereto, the following order is entered.

**AND NOW**, this 7th day of March, 2012,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendant the Commonwealth of Pennsylvania (ECF No. 31) is **GRANTED** and that Plaintiff's claims against it are dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Defendants John Walton and the Westmoreland County Clerk of Court (ECF No. 39) is **GRANTED** and that

Plaintiff's claims are dismissed with prejudice as to the Westmoreland County Clerk of Court in his individual capacity. Plaintiff's claims against John Walton in his individual capacity and both those Defendants in their official capacities are dismissed without prejudice to Plaintiff's right to file an amended complaint as set forth below.

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Defendant NaphCare, Inc. (ECF No. 33) is **GRANTED** and that Plaintiff's claims are dismissed without prejudice to his right to file an amended complaint as set forth below.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint within twenty-one days of the date of this order. In amending, Plaintiff shall state a short and plain statement of each claim showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). His averments should be "simple, concise and direct." Fed. R. Civ. P. 8(d)(1). He should state the conduct, time, place, and persons responsible for each claim. Plaintiff shall include all allegations concerning his claims within his amended complaint and shall include all claims remaining in this case as it will be a stand-alone document. Plaintiff shall not include claims that have previously been dismissed with prejudice. If Plaintiff fails to file an amended complaint within twenty-one days of the date of this order, the court will enter an order dismissing Plaintiff's complaint with prejudice.

**IT IS FURTHER ORDERED** that the Report and Recommendation of Magistrate Judge Lenihan dated January 12, 2012 (ECF No. 53), as it is modified and supplemented by this Memorandum Order, is adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that this case is remanded back to the magistrate judge for all further pre-trial proceedings.

5

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc: Timothy C. Lenhart
KJ8290
PO Box 99991
Pittsburgh, PA  15233

Counsel of record.